**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____District of Delaware_____
(State)

Case number (*If known*): _____ Chapter 11___

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Libbey Glass Inc.** | |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | **Libbey** <br> **Libbey Glass** <br> **Libbey Glassware** <br> **Libbey Foodservice; Libbey Home Decor** | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 2 – 2 7 8 4 1 0 7 | |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **300 Madison Avenue** <br> Number   Street <br><br><br> **Toledo**     **OH**     **43604** <br> City         State      Zip Code <br><br> **Lucas** <br> County | **Mailing address, if different from principal place of business** <br><br> Number   Street <br> **P.O. Box 10060** <br><br> **Toledo**     **OH**     **43699-0060** <br> City         State      Zip Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number   Street <br><br><br> City         State      Zip Code |
| 5. | **Debtor's website** (URL) | **https://libbey.com** | |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

7. **Describe debtor's business**

   A. *Check one:*
   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☒ None of the above

   B. *Check all that apply:*
   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. *See* http://www.uscourts.gov/four-digit-national-association-naics-codes.

   ___3272___

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   ☐ Chapter 7
   ☐ Chapter 9
   ☒ Chapter 11.  *Check all that apply:*
       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
       ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
       ☐ A plan is being filed with this petition.
       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District _____  When _____ MM / DD / YYYY  Case number _____
          District _____  When _____ MM / DD / YYYY  Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.  Debtor *See* Schedule 1     Relationship *See* Schedule 1
          District *See* Schedule 1     When Contemporaneously   MM / DD / YYYY
          Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (Check all that apply.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
    Number     Street

    _____
    City                  State     ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____
              Contact name _____
              Phone _____

---

## Statistical and administrative information

13. **Debtor's estimation of available funds**

    *Check one:*

    ☒ Funds will be available for distribution to unsecured creditors.

    ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

14. **Estimated number of creditors**

    *Consolidated for all Debtors

    ☐ 1-49
    ☐ 50-99
    ☐ 100-199
    ☐ 200-999
    ☐ 1,000-5,000
    ☐ 5,001-10,000
    ☒ 10,001-25,000
    ☐ 25,001-50,000
    ☐ 50,001-100,000
    ☐ More than 100,000

15. **Estimated assets**

    *Consolidated for all Debtors

    ☐ $0-$50,000
    ☐ $50,001-$100,000
    ☐ $100,001-$500,000
    ☐ $500,001-$1 million
    ☐ $1,000,001-$10 million
    ☐ $10,000,001-$50 million
    ☐ $50,000,001-$100 million
    ☒ $100,000,001-$500 million
    ☐ $500,000,001-$1 billion
    ☐ $1,000,000,001-$10 billion
    ☐ $10,000,000,001-$50 billion
    ☐ More than $50 billion

Debtor  **Libbey Glass Inc.**
        Name

Case number (*if known*)_____

**16. Estimated liabilities**

*Consolidated for all Debtors

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/31/2020
             MM / DD / YYYY

✗ /s/ Michael P. Bauer
Signature of authorized representative of debtor

Michael P. Bauer
Printed name

Title Chief Executive Officer

**18. Signature of attorney**

✗ /s/ John H. Knight
Signature of attorney for debtor

Date  05/31/2020
      MM / DD / YYYY

John H. Knight
Printed name

Richards, Layton & Finger, P.A.
Firm name

920 North King Street
Number    Street

Wilmington                          Delaware              19801
City                                State                 ZIP Code

(302) 651-7700                      knight@rlf.com
Contact phone                       Email address

3848                                Delaware
Bar number                          State

# SCHEDULE 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of debtor Libbey Glass Inc.

| |
|---|
| Libbey Glass Inc. |
| Libbey Inc. |
| LGA3 Corp. |
| LGA4 Corp. |
| LGAC LLC |
| LGC Corp. |
| LGFS Inc. |
| Libbey.com LLC |
| Syracuse China Company |
| The Drummond Glass Company |
| World Tableware Inc. |
| LGAU Corp. |

# LIBBEY GLASS INC.

## RESOLUTIONS ADOPTED BY
## UNANIMOUS WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS

**May 31, 2020**

The undersigned, being all the members of the board of directors (the "**Board**") of Libbey Glass Inc., a Delaware corporation (the "**Company**," and, together with the entities listed on Exhibit A hereto, the "**Companies**"), hereby consent in writing, pursuant to the provisions of applicable law, based on the advice of the Company's professionals and advisors, and after thorough discussions, to taking the following actions and adopting the following resolutions:

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties that the Company seek relief under the provisions of Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**"); and it is further

**RESOLVED**, that the Company is hereby authorized, and each "**Authorized Governing Person**" (as defined below) shall be, and hereby is, authorized and directed on behalf of the Company, to take all such steps and do all such acts and things as they shall deem necessary or advisable to commence a case under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"), including, but not limited to, by executing, verifying and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), making any and all other necessary filings with the Bankruptcy Court and any other filings that such Authorized Governing Persons determine to be necessary or advisable, making and executing any necessary or advisable instruments, certificates, affidavits, or other documents in connection therewith, signing or endorsing any checks, posting any bonds, and paying any fees and expenses in such connection, and taking any and all actions to make, execute, verify, and file all applications, certificates, documents, or other instruments and to do any and all acts and things that any one or more of them shall deem necessary, advisable, or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolutions, each such petition, application, certificate, document or other instrument, in such form and at such time as the Authorized Governing Person executing the same shall determine; and it is further

**RESOLVED**, that the Company is authorized, and each Authorized Governing Person shall be, and hereby is, authorized and directed on behalf of the Company, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the other Companies under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case together with such other separate cases, the "**Chapter 11 Cases**"); and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Governing Person, including the grant of replacement liens or other

adequate protection, as is reasonably necessary for the continuing conduct of the affairs of the Company; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Governing Person; and it is further

**RESOLVED**, that (i) the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to negotiate, execute, deliver, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all loan agreements, notes, guaranties, security agreements, pledge agreements, intercreditor agreements, subordination agreements, financing statements, mortgages, account control agreements, intellectual property security agreements and all other documents, agreements or instruments (collectively, the "**Credit Documents**"), and to take any and all actions that the Authorized Governing Person deems necessary or appropriate, each in connection with the Chapter 11 Cases, any post-petition financing or any cash collateral usage contemplated hereby or thereby and (ii) any transactions contemplated by the Credit Documents are in all respects approved; and it is further

**RESOLVED**, that any guaranty and/or incurrence of indebtedness, grant of security interests and/or pledges by the Company as contemplated in any of the Credit Documents, and any additional liens pursuant to any additional security agreements, pledge agreements or similar documents that any agent or lender under the Credit Documents may require are hereby authorized, approved and adopted, as applicable; and it is further

**RESOLVED**, that the foregoing resolutions shall be deemed to also authorize the Company to act in its capacity as member, manager and/or general or limited partner, as applicable, of any of its subsidiaries to authorize any actions by such subsidiaries in connection with the consummation of the transactions contemplated by the Credit Documents; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to employ and retain the law firms of Latham & Watkins LLP and Richards, Layton & Finger, P.A. to act as attorneys, Alvarez & Marsal North America, LLC to act as financial advisors, Lazard LTD to act as investment banker, and Prime Clerk LLC to act as claims and noticing agent for the Company in connection with the Chapter 11 Cases; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting, bankruptcy services firms and other professionals (together with the foregoing identified firms, the

"**Professionals**") as may be deemed necessary or appropriate by the Authorized Governing Person to assist the Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization; and it is further

**RESOLVED**, that each Authorized Governing Person be, and hereby is, authorized, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Governing Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any officer of the Company or any of the Professionals in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by any Authorized Governing Person or any other person authorized to act by an Authorized Governing Person, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and it is further

**RESOLVED**, that for the purposes of these resolutions, the term "**Authorized Governing Person**" shall mean and include Michael P. Bauer, Juan Amezquita and Jennifer M. Jaffee.

3

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of the Company, have executed these Resolutions Adopted by Unanimous Written Consent effective as of the date first set forth above.

_____
Michael P. Bauer

_____
Jennifer M. Jaffee

# EXHIBIT A

Libbey Inc.
Libbey.com LLC
Syracuse China Company
The Drummond Glass Company
LGC Corp.
LGAC LLC
World Tableware Inc.
LGFS Inc.
LGAU Corp.
LGA4 Corp.
LGA3 Corp.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| LIBBEY GLASS INC., | Case No. 20–_____ (    ) |
| Debtor. | |

## STATEMENT OF CORPORATE OWNERSHIP

The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Holder Name | Approximate Percentage of Equity Interests Held |
|---|---|
| Libbey Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
LIBBEY GLASS INC.,                                  :    Case No. 20–_____  (     )
                                                    :
        Debtor.                                     :
---------------------------------------------------------------- x

## LIST OF EQUITY SECURITY HOLDERS

     The following is a list of the above-captioned debtor's equity security holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11 case.

| Holder Name | Mailing Address of Holder | Percentage of Interests Held |
|---|---|---|
| Libbey Inc. | P.O. Box 10060 Toledo, Ohio 43699-0060 | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name  <u>Libbey Glass Inc.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ *Amended Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ *Other document that requires a declaration* <u>Statement of Corporate Ownership and List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>  05/31/2020  </u>
MM / DD / YYYY

✘  <u>/s/ Michael P. Bauer</u>
Signature of individual signing on behalf of debtor

<u>Michael P. Bauer</u>
Printed name

<u>Chief Executive Officer</u>
Position or relationship to debtor

RLF1 23253036v.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LIBBEY GLASS INC., *et al.*,[1] | : | Case No. 20-_____ (____) |
| | : | |
| Debtors. | : | (Joint Administration Requested) |
| | : | |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE THIRTY LARGEST UNSECURED CLAIMS

Libbey Glass Inc., Libbey Inc., LGA3 Corp., LGA4 Corp., LGAC LLC, LGC Corp., LGFS Inc., Libbey.com LLC, Syracuse China Company, The Drummond Glass Company, World Tableware Inc. and LGAU Corp. (together, the "**Debtors**") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. A consolidated list of creditors holding the thirty largest unsecured claims is included herewith (the "**Largest Unsecured Creditors List**").

The Largest Unsecured Creditors List is based on the Debtors' books and records as of approximately May 31, 2020, and was prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Largest Unsecured Creditors List does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31).

The information contained in the Largest Unsecured Creditors List shall not constitute an admission by, nor shall it be binding on, the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Libbey Glass Inc. (4107), Libbey Inc. (9357), Libbey.com LLC (6913), Syracuse China Company (1904), The Drummond Glass Company (0383), LGC Corp. (6034), LGAC LLC (0497), World Tableware Inc. (1231), LGFS Inc. (0975), LGAU Corp. (5531), LGA4 Corp. (5673), and LGA3 Corp. (1505). The Debtors' mailing address is P.O. Box 10060, Toledo, Ohio 43699-0060.

RLF1 23253036v.2

Debtor Name   Libbey Glass Inc.

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the thirty (30) largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the thirty (30) largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MICROSOFT CORPORATION<br>ONE MICROSOFT WAY<br>REDMOND, WA  98052 | SATYA NADELLA<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (425) 882-8080<br>Email: SATYAN@MICROSOFT.COM | TRADE PAYABLE | | | | $3,585,151 |
| 2 | UTC OVERSEAS INC. - BROKERAGE AND DUTIES<br>2 NORTHPOINT DRIVE<br>SUITE 213<br>HOUSTON, TX  77060 | HANS J. MEYER<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (713) 422-2850<br>Fax: (713) 422-2895<br>Email: H.MEYER@UTCOVERSEAS.COM | TRADE PAYABLE | | | | $3,323,001 |
| 3 | SHANDONG SILVER PHOENIX CO, LTD<br>58 JINQUESHAN ROAD<br>LINYI CITY<br>SHANDONG P.R.,<br>CHINA | MS. WANG<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: 0086-0539-8242898<br>Fax: 0086-0539-8241840<br>Email: HZHIQ@126.COM | TRADE PAYABLE | UNLIQUIDATED | | | $1,676,777 |
| 4 | BEST (CHINA) INDUSTRIAL & TRADING CO LTD<br>XICHEN VILLAGE<br>RONGDONG TOWN RONGCHENG DISTRICT JIEYANG CITY<br>GUANGDONG,<br>CHINA | SHARON & ROCKY CHEN<br>OWNERS<br><br>Phone: (86) 663-822-9408<br>Email: FLATWARE@VIP.126.COM<br>TABLEWARE_BEST@VIP.126.COM | TRADE PAYABLE | UNLIQUIDATED | | | $876,973 |
| 5 | INGRAM MICRO INC<br>3351 MICHELSON DR<br>SUITE 100<br>IRVINE, CA  92612-0697 | ALAIN MONIE<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (714) 566-1000<br>Email: AMONIE@INGRAMMICRO.COM | TRADE PAYABLE | | | | $516,231 |
| 6 | CH ROBINSON COMPANY INC<br>14701 CHARLSON ROAD<br>EDEN PRAIRIE, MN  55347 | ROBERT HOUGHTON<br>VICE PRESIDENT, CORPORATE FINANCE<br><br>Phone: (952) 683-3531<br>Email: ROBERT.HOUGHTON@CHROBINSON.COM | TRADE PAYABLE | | | | $421,470 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | PRATT CORRUGATED HOLDINGS, INC<br>1800 SARASOT BUS PKWY NE C<br>CONYERS, GA  30013 | BRIAN MCPHEELY<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (770) 918-5678<br>Fax: (770) 918-5679<br>Email: BMCPHEELY@PRATTINDUSTRIES.COM | TRADE PAYABLE | | | | $362,465 |
| 8 | BHS TABLETOP AG<br>LUDWIGSMÜHLE 1<br>95100<br>SELB,<br>GERMANY | GERNOT EGRETZBERGER<br>MEMBER OF THE BOARD FOR FINANCE<br><br>Phone: 49 961 82-0<br>Fax: 49 961 82-3102<br>Email: EGRETZBERGER.G@BHS-TABLETOP.DE | TRADE PAYABLE | UNLIQUIDATED | | | $343,736 |
| 9 | AVENDRA LLC<br>540 GAITHER ROAD<br>SUITE 200<br>ROCKVILLE, MD  20850 | WOLFRAM SCHAEFER<br>PRESIDENT<br><br>Phone: (301) 825-0500<br>Fax: (301) 825-0497<br>Email: WOLFRAM.SCHAEFER@AVENDRA.COM | TRADE PAYABLE | | | | $281,306 |
| 10 | AIRGAS USA, LLC<br>259 NORTH RADNOR-CHESTER ROAD<br>SUITE 100<br>RADNOR, PA  19087 | PASCAL VINET<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (800) 255-2165<br>Fax: (610) 687-6932<br>Email: PASCAL.VINET@AIRGAS.COM | TRADE PAYABLE | | | | $280,974 |
| 11 | BAYERISCHE GLASWERKE GMBH<br>ZACHARIAS-FRANK-STRASSE 7<br>92660 NEUSTADT A.D. WALDNAAB<br>WALDNAAB,<br>GERMANY | RICHARD VOIT<br>MANAGING DIRECTOR<br><br>Phone: +49 (0) 9602/30 0<br>Fax: +49 (0) 9602/30 11 00<br>Email: R.VOIT@SPIEGELAU-NACHTMANN.DE | TRADE PAYABLE | UNLIQUIDATED | | | $264,224 |
| 12 | U.S. XPRESS, INC.<br>4080 JENKINS ROAD<br>CHATTANOOGA, TN  37421 | ERIC FULLER<br>PRESIDENT & CHIEF EXECUTIVE OFFICER<br><br>Phone: (866) 646-5886<br>Email: EFULLER@USXPRESS.COM | TRADE PAYABLE | | | | $256,705 |
| 13 | A.A. BOOS & SONS INC<br>1845 COLLINGWOOD BLVD.<br>TOLEDO, OH  43604 | JOSHUA M. HUGHES<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (419) 241-3601<br>Email: JHUGHES@AGCNWO.COM | TRADE PAYABLE | | | | $245,501 |
| 14 | BAY CORRUGATED CONTAINER<br>1655 WEST 7TH STREET<br>P.O. BOX 667<br>MONROE, MI  48161 | CONNIE REUTHER<br>CHIEF EXECUTIVE OFFICER<br><br>Fax: (734) 243-2499<br>Email: CONNIEREUTHER@BAYCORR.COM | TRADE PAYABLE | | | | $240,845 |
| 15 | AETNA<br>ONE CVS DRIVE<br>WOONSOCKET, RI  02895 | KAREN S. LYNCH<br>EXECUTIVE VICE PRESIDENT OF CVS HEALTH AND PRESIDENT OF THE AETNA BUSINESS UNIT<br><br>Email: KAREN.LYNCH@CVSHEALTH.COM | TRADE PAYABLE | | | | $219,755 |
| 16 | JIEYANG XIANGRUN HARDWARE INDUSTRY CO., LTD.<br>BUILDING.A2 SONGSHANWANG INDUSTRIAL PARK, YUECHENG<br>JIEYANG CITY, GUANGDONG<br>CHINA | ROGAN REN<br><br>Phone: (86)663-882-2239<br>Email: ROGANREN@VIP.163.COM | TRADE PAYABLE | UNLIQUIDATED | | | $217,413 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | GENESIS ALKALI<br>919 MILAM<br>SUITE 2100<br>HOUSTON, TX  77002 | GRANT E. SIMS<br>CHIEF EXECUTIVE OFFICER<br><br>Email: GRANT.SIMS@GENLP.COM | TRADE PAYABLE | | | | $214,480 |
| 18 | LEXINGTON MLP SHREVEPORT LP<br>C/O LEXINGTON REALTY TRUST<br>ONE PENN PLAZA, SUITE 4015<br>NEW YORK, NY  10119 | T. WILSON EGLIN<br>PRESIDENT & CHIEF EXECUTIVE OFFICER<br><br>Phone: (212) 692-7200<br>Email: TWEGLIN@LXP.COM | TRADE PAYABLE | | | | $187,226 |
| 19 | NORTHWEST PALLET SERVICES, LLC<br>1450 AMERICAN LANE<br>SUITE 700<br>SCHAUMBURG, IL  60173 | JACK DONNELL<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: (855) 544-6001<br>Email: JDONNELL@NORTHWESTPALLET.COM | TRADE PAYABLE | | | | $185,003 |
| 20 | PT. ISHIZUKA MASPION INDONESIA<br>KEMBANG JEPUN 38 – 40<br>SURABAYA,  60162<br>INDONESIA | YUWONO ALIM<br>OWNER<br><br>Phone: WhatsApp +62 - 811 - 8016 - 380<br>Email: YUWONOALIM@MASPION.COM | TRADE PAYABLE | UNLIQUIDATED | | | $181,969 |
| 21 | RI JING (TIANJIN) STEEL TECHNOLOGY CO, LTD.<br>SANHE INDUSTRY PARK ZONE<br>GEGU TOWN<br>JINNAN DISTRICT<br>TIANJIN,  300352<br>CHINA | MRS. GUO<br>CHIEF FINANCIAL OFFICER<br><br>Phone: +8628683388<br>Email: RIJING8188@163.COM | TRADE PAYABLE | UNLIQUIDATED | | | $177,828 |
| 22 | BORGONOVO<br>VIA PIANELLO<br>75 29011 BORGONOVO VAL TIDONE<br>PIACENZA (PC),<br>ITALY | FRANCESCO PICCIONI<br>PRESIDENT<br><br>Phone: 39-0523-865311<br>Fax: 39-0523-862843 | TRADE PAYABLE | UNLIQUIDATED | | | $163,172 |
| 23 | HOME POTTERY CO. LTD.<br>119 MOO 15 T. SOPPRAB A. SOPPRAB<br>LAMPANG, 52170<br>THAILAND | MS. WANNEE CHOURKITTISOPON<br>CHIEF EXECUTIVE OFFICER & BOARD CHAIR<br><br>Phone: (054) 296-556<br>Email: WANNEE@HOMEPOTTERY.COM | TRADE PAYABLE | UNLIQUIDATED | | | $161,721 |
| 24 | SJZ JINXUAN TRADING CO LTD<br>RM705, BUILDING NO. D<br>MEIDONG INTERNATIONAL<br>NO.16 GUANGAN STREET<br>SHIJIAZHUANG,  050011<br>CHINA | MR. JIA JI<br>CHIEF EXECUTIVE OFFICER<br><br>Phone: +86 133 7311 3772<br>Fax: +86 311 8961 9001<br>Email: JACY.JIA@J-Y-GLASS.COM | TRADE PAYABLE | UNLIQUIDATED | | | $153,723 |
| 25 | CUSTOM DECO INC<br>1343 MIAMI ST<br>TOLEDO, OH  43605 | NATHAN RUETZ<br>PLANT MANAGER<br><br>Phone: (567) 420-6847<br>Email: NRUETZ@CUSTOMDECO.COM | TRADE PAYABLE | UNLIQUIDATED | | | $153,691 |
| 26 | YANGJIANG HALBERT INDUSTRIAL CO., LTD<br>88 INDUSTRIAL AVENUE<br>DASHISHAN INDUSTRIAL SECTION<br>BEIGUAN TOWN YANGDONG COUNTY<br>GUANGDONG PROVINCE,<br>CHINA | MS. CHANG MING CHEN<br>EXPORT OFFICER<br><br>Phone: 86-662-6689566<br>Fax: 86-662-6689599<br>Email: HALBERT-05@YDNEW.COM | TRADE PAYABLE | UNLIQUIDATED | | | $150,857 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | IBEX MIDSTREAM LLC 12377 MERIT DRIVE SUITE 1200 DALLAS, TX 75251 | ALBERT HUDDLESTON PARTNER & CHIEF EXECUTIVE OFFICER Phone: (214) 750-3820 Email: AHUDDLESTON@AETHONENERGY.COM | TRADE PAYABLE | | | | $144,598 |
| 28 | BDI EXPRESS BDI CENTRAL SUPPORT 8000 HUB PARKWAY CLEVELAND, OH 44125 | CARL JAMES PRESIDENT & CHIEF EXECUTIVE OFFICER Phone: (216) 642-9100 Fax: (216) 642-9573 Email: CJAMES@BDI-USA.COM | TRADE PAYABLE | | | | $141,128 |
| 29 | CLARK FOOD SERVICE 2207 OLD PHILADELPHIA PIKE LANCASTER, PA 17602 | GENE CLARK CHIEF EXECUTIVE OFFICER Phone: (717) 392-7363 Email: LGCLARK@CLARKINC.BIZ | TRADE PAYABLE | | | | $139,072 |
| 30 | CHAOZHOU JINHUI CERAMICS MANUFACTORY CO., LTD. ROOM 201 A-1 YUE GARDEN XIRONG ROAD CHAOZHOU CITY, GUANGDONG 521000 CHINA | ZHAI JINZHONG PRINCIPAL Phone: 86-768-2180338 Fax: 86-768-2180238 | TRADE PAYABLE | UNLIQUIDATED | | | $133,441 |

RLF1 23253036v.2

Fill in this information to identify the case and this filing:

Debtor Name  Libbey Glass Inc.

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  *Amended Schedule* _____

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐  *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/31/2020
MM / DD / YYYY

✗  */s/ Michael P. Bauer*
Signature of individual signing on behalf of debtor

Michael P. Bauer
Printed name

Chief Executive Officer
Position or relationship to debtor

RLF1 23253036V.2