IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LIBBEY GLASS INC., *et al.*,[1] | ) ) ) | Case No. 20-11439 (LSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**OBJECTION OF THE STATE OF OHIO, OHIO ENVIRONMENTAL PROTECTION AGENCY TO DEBTORS' JOINT PLAN OF REORGANIZATION**

The State of Ohio, on behalf of the Ohio Environmental Protection Agency ("Ohio EPA"), objects to Debtors' Joint Plan of Reorganization (Doc. #392).

**INTRODUCTION**

1.  This Court should not approve the provision in Article V.C. "Vesting of Assets in the Reorganized Debtors Free and Clear of Liens and Claims" in Debtors' Joint Plan of Reorganization, which states that the assets of the Estates of Debtors shall vest in the Reorganized Debtors free and clear of Claims, Liens, charges, and other encumbrances, because this provision does not preserve Ohio EPA's claims, including any existing, contingent, un-matured or equitable claims, against Debtors or the Reorganized Debtors that are the result of violations of environmental laws, rules and regulations.

2.  To the extent that Debtors seek to reorganize assets that are subject to liability under Ohio's environmental statutes and rules, Ohio EPA asserts that these assets cannot be reorganized free and clear of Claims, Liens, charges, and other encumbrances by Ohio EPA. As discussed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Libbey Glass Inc. (4107), Libbey Inc. (9357), Libbey.com LLC (6913), Syracuse China Company (1904), The Drummond Glass Company (0383), LGC Corp. (6034), LGAC LLC (0497), World Tableware Inc. (1231), LGFS Inc. (0975), LGAU Corp. (5531), LGA4 Corp. (5673), and LGA3 Corp. (1505). The Debtors' address is P.O. Box 10060, Toledo, Ohio 43699-0060.

below, environmental claims by regulatory agencies are not extinguished by the Bankruptcy Code.  But as currently written, Article V.C. in Debtors' Joint Plan of Reorganization would, in breach of bankruptcy law, allow Debtors or the Reorganized Debtors to violate environmental obligations under Ohio's law and rules.  As such, the Plan would not be feasible and would be forbidden by law under 11 U.S.C. Sections 1129(a)(1), 1129(a)(3) and 1129(a)(11).

## BACKGROUND

3. On June 1, 2020, Debtors filed their Chapter 11 petition (the "Petition Date").

4. On August 21, 2020, Debtors filed the Joint Plan of Reorganization for Libby Glass Inc. and its Affiliate Debtors under Chapter 11 of the Bankruptcy Code (Doc. #387)

5. Article V.C. in Debtors' Joint Plan of Reorganization ("Joint Plan") states that the assets of the Estates of Debtors shall vest in the Reorganized Debtors free and clear of Claims, Liens, charges, and other encumbrances.

6. Ohio EPA oversees the protection of public health and the environment under various statutes including Ohio Rev. Code Chapter 3734 "Solid and Hazardous Wastes," and the rules adopted thereunder; Ohio Rev. Code Chapter 6111 "Water Pollution Control," and the rules adopted thereunder; and Ohio Rev. Code Chapter 3704 "Air Pollution Control," and the rules adopted thereunder.

7. These statutes were enacted to ensure that parties responsible for storing and disposing wastes and/or discharging pollutants take steps necessary to protect the public from serious environmental and health risks. To maintain regulatory compliance, any company that owns or operates an industrial or manufacturing facility must comply with the mandatory requirements imposed by the above-referenced statutes.

# OBJECTION

## Debtors Assets Cannot Be Reorganized Free and Clear of Environmental Obligations

8.      "A bankruptcy petition is not a grant of immunity. Bankruptcy debtors are no different from any citizen in that they must comply with state and federal laws." *In re American Coastal Energy Inc.*, 399 B.R. 805, 810 (Bankr. S.D. Tex. 2009). S*ee also In re H.L.S. Energy Co.*, 151 F.3d 434 (5th Cir. 1998); 28 U.S.C. § 959(b) (requiring compliance with applicable non-bankruptcy law in managing and operating property of the estate); *In re Cajun Electric Power Co-op, Inc.*, 150 F.3d 503, 519 (5th Cir. 1998) (Plan may not propose "independent illegality").

9.      The U.S. Bankruptcy Code's recognition of a debtor's obligation to comply with environmental laws during the course of a bankruptcy proceeding is provided by 11 U.S.C. § 362(b)(4). Under 11 U.S.C. § 362(b)(4), proceedings by governmental units that constitute exercises of the governmental unit's police or regulatory power are provided an exception to the automatic stay of 11 U.S.C. § 362(a). A governmental unit can commence an action, continue an action and obtain a judgment against a debtor in bankruptcy. 11 U.S.C. § 362(b)(4).

10.      Bankruptcy courts use two tests to determine whether a governmental unit's action falls within the police or regulatory power exception: 1) the pecuniary purpose test, and 2) the public policy test. *In re Commerce Oil Co.*, 847 F.2d 291, 295 (6th Cir. 1988). In *In re Commerce Oil Co.*, a case holding that a determination of civil liability for violations of state environmental protection laws is within the police power exception to the automatic stay in bankruptcy, the United States Court of Appeals for the Sixth Circuit stated:

> Under the pecuniary purpose test, reviewing courts focus on whether the governmental proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property, and not to matters of public safety. **Those proceedings which relate primarily to matters of public safety are excepted from the stay.** Under the public policy test, reviewing courts must distinguish between proceedings that adjudicate private rights and those that

effectuate public policy. **Those proceedings that effectuate a public policy are excepted from the stay.** *NLRB v. Edward Cooper Painting, Inc.,* [804 F.2d 934,] at 942. Under either test, the state's actions should have been stayed under 11 U.S.C. § 362 if the state was seeking a monetary sum merely as collection of a debt or as compensation for reclamation it had already performed. The state's actions in this case have not been undertaken for primarily pecuniary purposes. (Emphasis added.)

Id. at 295.

11.     *Penn-Terra Limited v. Dept. of Environmental Resources, Commonwealth of Pa.,* 733 F.2d 267 (3d Cir. 1984), similarly establishes that environmental protection actions constitute a legitimate exercise of a governmental unit's police or regulatory power, and therefore, may proceed during the course of a bankruptcy proceeding. The court in *Penn-Terra* stated:

> [W]here a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay.

*Penn-Terra*, 733 F.2d at 272. See also *In re Williston Oil Corp.*, 54 B.R. 10, 12 (Bankr. D.N.J. 1984) (court denied request by debtor-in-possession to apply the automatic stay provisions to a State of Ohio action seeking injunctive relief and the assessment of civil penalties under Ohio's environmental laws; citing debtors' failure to show irreparable injury and a likelihood of prevailing on the merits, the court denied debtors request that the State of Ohio's state court action be enjoined under 11 U.S.C. § 105 due to the cost of defending the action); *In re William Kovacs*, 681 F.2d 454, 456 (6th Cir. 1982), vacated and remanded on the question of mootness, 459 U.S. 1167 (1983) (Sixth Circuit allowed the State of Ohio to continue to seek injunctive relief in enforcing its environmental laws despite bankruptcy petition).

12.     Further recognition of debtor's obligation to comply with environmental laws during a bankruptcy proceeding is provided by 28 U.S.C. § 959(b), which requires a debtor to manage property in its possession in accordance with the laws of the state where the property is

4

located. Environmental laws, in particular, have been recognized as obligations that debtors must comply with in bankruptcy. *Cumberland Farms v. Florida Dep't of Envtl. Protection*, 116 F.3d 16 (1st Cir. 1997). The U.S. Supreme Court in *Ohio v. Kovacs*, 468 U.S. 274, 285 (1985), unequivocally held that compliance with environmental laws must continue during the pendency of a bankruptcy proceeding, stating:

> . . . we do not question that anyone in possession of the site . . . must comply with the environmental laws of the State of Ohio. Plainly, that person or firm may not maintain a nuisance, pollute the waters of the State, or refuse to remove the source of such conditions.

13. In *Midlantic National Bank v. New Jersey Department of Environmental Protection*, 474 U.S. 494, 106 S. Ct. 755; 88 L. Ed. 2d 859 (1986), the U.S. Supreme Court recognized that 28 U.S.C. § 959(b) restricts acts otherwise authorized by the Bankruptcy Code. In *Midlantic*, the Supreme Court held that bankruptcy laws do not authorize a trustee in bankruptcy to abandon property in contravention of state laws or regulations that are reasonably designed to protect the public's health or safety. The Court stated:

> Congress has repeatedly expressed its legislative determination that the trustee is not to have carte blanche to ignore nonbankruptcy law. Where the Bankruptcy Code has conferred special powers upon the trustee and where there was no common-law limitation on that power, Congress has expressly provided that the efforts of the trustee to marshal and distribute the assets of the estate must yield to governmental interest in public health and safety.

Id. at 502 (citation omitted). While *Midlantic* dealt with abandonment, its principles apply equally to the reorganization of assets.

14. Most importantly, applicable non-bankruptcy law does not permit the reorganization of such assets free and clear of the environmental liabilities that are imposed and remain with a former owner or operator of the assets. The U.S. Supreme Court has held that Bankruptcy laws do not authorize a trustee in bankruptcy to abandon property in contravention of state laws or regulations that are reasonably designed to protect the public's health or safety.

*Midlantic*, supra. By analogy, a reorganization of assets that would purport to extinguish environmental liabilities in contravention of state laws or regulations that are reasonably designed to protect the public health and safety is also not authorized.

15. Specific provisions of the Joint Plan are contrary to Debtors' obligation to comply with Ohio's environmental statutes and rules as required by 28 U.S.C. § 959(b). For example, Article V.C. of the Joint Plan releases Reorganized Debtors from liability to fully comply with Ohio EPA's environmental statutes and rules that regulate Debtors' ownership and operation of their Toledo Plant 27 facility located at 940 Ash St., Toledo, OH 43611. Hazardous wastes are managed, stored, and transferred for proper disposal at Toledo Plant 27. In addition, Toledo Plant 27 is issued water pollution discharge and air quality permits by Ohio EPA. When Reorganized Debtors assume ownership and operation of Toledo Plant 27, full compliance with all Ohio EPA's environmental statutes and rules will be required, including, but not limited to, compliance with Ohio EPA's hazardous waste statute and rules, water pollution statute and rules, and air pollution statute and rules.

16. Section 1129(a)(11) of the Code establishes what is commonly known as the "feasibility" requirement. The bankruptcy court cannot approve a plan unless it has at least "a reasonable probability of success." *In re T-H New Orleans Ltd. Partnership*, 116 F.3d 790, 801 (5yh Cir. 1997). Section 1129(a)(2) provides that the court shall confirm a plan only if "[t]he proponent of the plan complies with the applicable provisions of [Title] 1129," and Section 1129(a)(3) requires that the "plan has been proposed in good faith and not by any means forbidden by law." The provisions of Article V.C. in Debtors' Joint Plan of Reorganization, however, provide that Debtors or the Reorganized Debtors could reorganize their assets free and clear of any claims by Ohio EPA against Debtors or the Reorganized Debtors for their violations of environmental obligations under Ohio's law and rules. This is contrary to Ohio law. As such, the Joint Plan

would not be feasible and would be forbidden under 11 U.S.C. Sections 1129(a)(1), 1129(a)(3) and 1129(a)(11).

17. Ohio EPA's objection to the Joint Plan could be resolved by including the following language in any order confirming the Joint Plan:

Nothing in the Joint Plan, the Joint Plan Supplement, the Joint Plan Documents or this Confirmation Order shall discharge, release, impair, enjoin, exculpate or otherwise preclude or diminish: (a) any liability to the Ohio Environmental Protection Agency or any other State of Ohio department or agency responsible for the enforcement of Environmental Laws (collectively "State Environmental Units") that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (b) any liability to any State Environmental Unit arising after the Confirmation Date; (c) any liability or obligation to, or any Claim or Cause of Action by, a State Environmental Unit under Police or Regulatory Law or Environmental Law to which any Entity is subject as the owner, lessor, lessee, permittee, controller, or operator of the Toledo Plant 27 facility located at 940 Ash St., Toledo, OH 43611 or other facility after the Joint Plan Effective Date (whether or not such liability, obligation, Claim or Cause of Action is based in whole or in part on acts or omissions prior to the Joint Plan Effective Date), including, but not limited to, liability for compliance with solid and hazardous wastes, air pollution, surface water and ground water, and chemical reporting statutes and rules and any other statutes, rules, or regulations for protection of the environment, impacts on human health, safety, and welfare; or (d) any liability to any State Environmental Unit of any non-debtor. Nothing in this Confirmation Order or the Joint Plan shall impair any setoff or recoupment rights of any State Environmental Unit.

"*Environmental Law*" means all State, Federal, and local statutes, rules, regulations, ordinances, certifications, permits or similar provisions having the force or effect of law, all judicial and administrative orders, agreements, and determinations and all common law concerning solid and hazardous wastes, air pollution, surface water and ground water, drinking water, chemical reporting, protection of the environment, impacts on human health, safety, and welfare including, but not limited to: (a) the Solid and Hazardous Wastes Statute, Ohio Rev. Code 3734, (b) the Air Pollution Control Statute, Ohio Rev. Code 3704, (c) the Water Pollution Control Statute, Ohio Rev. Code 6111, (d) the Emergency Planning Statute, Ohio Rev. Code 3750, (e) the Safe Drinking Water Statute, Ohio Rev. Code 6109, (f) the Federal Comprehensive Environmental Response, Compensation, and Liability Act, (g) the Federal Clean Water Act, (h) the Federal Clean Air Act, (i) the Federal Emergency Planning and Community Right-to-Know Act, (j) the Federal Oil Pollution Act, (k) the Federal Resource Conservation and Recovery Act, (l) the Federal Safe Drinking Water Act, (m) the Federal Toxic Substances Control Act, and (n) any other State or Federal Statutes, rules, regulations, local laws, or ordinances that regulate protection of the environment, impacts on human health, safety, and welfare.

18. Requiring Reorganized Debtors to comply with their environmental obligations is in the best interest of public health and safety. Reorganized Debtors are "not relieved of all

obligations under a non-bankruptcy statute simply by filing a petition for bankruptcy." *In re Univ. Medical Center*, 973 F.2d 1065 (3rd. Cir. 1992) (*quoting NLRB v. Bildisco,* 465 U.S. 513, 534 (1984)).  Rather, the goal must be to harmonize the policies of the Bankruptcy Code with that of and environmental regulatory statutes.  *Id*. 1082-83 ("[i]n doing so, we must reconcile these two statutes in a manner that affects the fundamental concerns of each.").

**WHEREFORE**, for all of the above reasons, Ohio EPA respectfully request that the Joint Plan should not be confirmed.

Respectfully submitted,

**DAVE YOST**
**OHIO ATTORNEY GENERAL**

/s/ Michael E. Idzkowski
Michael E. Idzkowski (Ohio Reg. No. 0062839)
Timothy J. Kern (Ohio Reg. No. 0034629
Assistant Attorneys General
Environmental Enforcement Section
30 East Broad Street, 25th Floor
Columbus, OH  43215
Phone: (614) 466-2766
Fax:    (614) 644-1926
Michael.Idzkowski@OhioAttorneyGeneral.gov
Timothy.Kern@OhioAttorneyGeneral.gov

*Attorneys for State of Ohio,*
*Ohio Environmental Protection Agency*

## CERTIFICATE OF SERVICE

I certify that on September 18, 2020, I caused a copy of the foregoing Objection of the State of Ohio to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the District of Delaware.

/s/ Timothy J. Kern
Timothy J. Kern
Assistant Attorney General
