IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LIBBEY GLASS INC., *et al.*,<br><br>　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-11439 (LSS)<br><br>Jointly Administered<br><br>**Objection Deadline: 9/21/20 at 4:00 p.m. (ET)**<br>**Hearing Date: 10/2/20 at 10:00 a.m. (ET)**<br><br>**Related to Docket Nos. 392 and 426** |

**OBJECTION OF STAG INDUSTRIAL HOLDINGS, LLC TO DEBTORS'
JOINT PLAN OF REORGANIZATION AND ASSUMPTION
OF WORLD TABLEWARE LEASE THEREUNDER**

Stag Industrial Holdings, LLC (the "Landlord") hereby files this objection (the "Objection") to the *Joint Plan of Reorganization for Libbey Glass Inc. and its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 392] (as may be amended, the "Plan"), the assumption of Landlord's lease with World Tableware, Inc. ("World") thereunder and the *Notice of Cure Amounts in Connection with Contracts and Leases* [Docket No. 426] (the "Cure Notice"). The Landlord does not oppose assumption of the lease. However, as currently written, the Plan contemplates the elimination of the parent guarantor, and does not account for reconciliations, reimburse Landlord for reasonable attorney's fees and preserve indemnification obligations under the assumed lease. In further support of this Objection, the Landlord states as follows:

**THE LEASE**

1.　　The Landlord and World, one of the Debtors, as tenant, are parties to that certain lease of nonresidential real property, dated May 13, 1998 (as amended from time to time, the "Lease"), for World's premises consisting of approximately 124,885 square feet located at 1850 Blackhawk Drive, West Chicago, Illinois (as described in more detail in the Lease, the

"Premises").   Libbey, Inc. ("Libbey"), one of the Debtors, is the guarantor of World's obligations under the Lease.

## GUARANTY OBJECTION

2.   The Debtors, and World in particular, intend to assume the Lease under the Plan. As currently structured, Libbey, the guarantor of the Lease, is the sole shareholder of Libbey Glass, Inc. (to become Libbey Glass LLC on or immediately prior to the Effective Date, "Libbey Glass"), and Libbey Glass is the sole shareholder of World, the tenant under the Lease. The Debtors' Plan Supplement [Docket No. 452] provides that Libbey, the guarantor under the Lease, will be replaced as the parent of Libbey Glass and Libbey will then be dissolved. The new parent entity of Libbey Glass will be controlled by the so-called Ad Hoc Term Lender Group.

3.   In entering into the Lease, the Landlord's predecessor required that World's parent company, Libbey at the time, guaranty the Lease. *See* Art. XXVIII of the Lease. As a condition to the assumption of the Lease under section 365 and chapter 11 of the Bankruptcy Code, this Court should require that the Debtors replace Libbey with Libbey Glass as the guarantor of the Lease or propose a guarantor of equivalent financial condition that is reasonably acceptable to Landlord, and that such replacement guarantor execute and deliver to Landlord a new guaranty on terms and conditions substantially the same as those set forth in the current Libbey guaranty.

## CURE OBJECTION

4.   The Cure Notice provides that the cure amount is $100,205.34. This amount does not include the pecuniary losses suffered by the Landlord in the form of attorney's fees and costs required to be reimbursed under the Lease. In this case, attorney's fees and costs are estimated to be at least $10,000.

5. The Landlord is entitled to be reimbursed for attorney's fees under Section 17.2 and Article XXVI of the Lease, and pursuant to section 365(b)(1)(B) of the United States Bankruptcy Code. *See In re Westworld Cmty. Healthcare, Inc.,* 95 B.R. 730, 733 (Bankr. C.D. Cal. 1989) ("attorneys' fees constitute a pecuniary loss resulting from debtors (sic) default pursuant to 11 U.S.C. § 365(b)(1)(B), and such fees must be recompensed by the debtor before it may assume its lease"); *In re Child World, Inc.,* 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993) ("section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties"); *In re F & N Acquisition Corp.,* 152 B.R. 304, 308 (Bankr. W.D. Wash. 1993) (collecting cases). Specifically, under Section 17.2 of the Lease, World is obligated to indemnify Landlord for "any breach or default by Tenant in the full and prompt payment and performance of Tenant's obligations under this Lease; together with all costs, expenses and liabilities incurred in, or in connection with, each such claim or action or proceeding brought thereon (including, without limitation, all reasonable fees and costs of attorneys reasonably acceptable to Landlord)." Article XXVI contains similar language.

6. In addition, the amount of the Landlord's cure claim is subject to upward adjustment for any amounts that are billed or become due under the Lease after the date hereof including, without limitation, any year-end additional rent true-up amounts and other reconciliations that may later be billed and shall be payable by World under the Lease (the "Lease Reconciliations"). Any order confirming the Plan should provide that the reorganized World remains liable to pay any and all Lease Reconciliations as, and when, they become due and payable under the Lease, regardless of when they arose.

7. Further, the Lease, including Sections 17.2 and 24.1 and Article XXVI, provides that World must indemnify and hold harmless the Landlord from and against any and all claims

and losses arising from any breaches of World's obligations under the Lease, including without limitation claims of third parties, and losses arising from damage to the leased premises and Hazardous Materials (as defined in the Lease).  Any order confirming the Plan should clarify that World's indemnity obligations under the Lease survive confirmation of the Plan.  The confirmation order should expressly state that World and the post-Effective Date guarantor remain responsible for any and all indemnification obligations under the Lease for losses and claims arising from events which may have occurred before the Plan Effective Date, but which may not be made known to the Landlord (and possibly the Debtors) or may not become due and payable until after the Effective Date.

**<u>RESERVATION OF RIGHTS</u>**

8. The Landlord reserves the right to supplement this Objection with additional charges, obligations and costs that may arise under the Lease prior to the Effective Date of the Plan.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Landlord respectfully requests that the order confirming the Plan (i) condition the assumption of the Lease with the execution and delivery of a replacement guaranty, (ii) direct the prompt reimbursement of Landlord's attorney's fees and costs in an amount not less than $10,000, (iii) require that World remain liable under the Lease for any and all accrued Lease Reconciliations as and when they become due and payable under the Lease, (iv) expressly clarify that World's indemnification obligations under the Lease survive and will remain due and payable as and when they may arise or accrue under the terms of the lease without regard to the bankruptcy, and (v) grant to the Landlord such other and further relief as the Court deems just and proper.

Dated: September 21, 2020

**CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
Kelly M. Conlan (#4786)
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone: (302) 888-6221
Email: kbifferato@connollygallagher.com
Email: kconlan@connollygallagher.com

-and-

Douglas B. Rosner, Esq.
Goulston & Storrs PC
400 Atlantic Avenue
Boston, Massachusetts 02110
Telephone: (617) 482-1776
Email: drosner@goulstonstorrs.com

*Counsel to the Landlord*